**Gary W. HYDE, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 5, 2012.
Decided Nov. 8, 2012.

Gary W. Hyde, pro se.

Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Gary W. Hyde (Claimant) petitions, *pro se*, for review of the November 9, 2011, order of the Unemployment Compensation Board of Review (UCBR) affirming the referee's determination that Claimant did not qualify for a program transfer in accordance with the Trade Act of 1974 (Trade Act), *as amended*, 19 U.S.C. §§ 2101–2487, and its attendant regulations.[1] We affirm.

---

1. The Trade Act "established a federal program providing trade readjustment allowances (TRA) and trade adjustment assistance (TAA) training benefits to workers in certain industries who are certified by the United States Secretary of Labor (Secretary) as persons adversely affected by unfair or injurious import competition." *Nevarre v. Unemployment Compensation Board of Review,* 675 A.2d 361, 362–63 (Pa.Cmwlth.1996). This program is administered by state unemployment compensation bureaus even though it is a federal program. *Id.*

Claimant was enrolled in a nursing program at the University of Pittsburgh. The program was approved under the Trade Adjustment Assistance (TAA) program. Claimant was failing the nursing program and, therefore, requested a transfer to a computer program at the same school. (Findings of Fact, Nos. 1–3.)

■ The Department of Workforce Development (Department) denied Claimant's request to transfer programs, and Claimant appealed to the referee, who held a hearing. The referee denied Claimant's request and Claimant appealed to the UCBR, which affirmed. Claimant now petitions this court for review.[2]

Claimant contends that the UCBR erred by affirming the Department's denial of Claimant's request to amend his TAA training program. We disagree.

Section 236 of the Trade Act provides that the Secretary of the United States Department of Labor may approve and pay for training for a worker if he/she determines that: (1) there is no suitable employment available for the worker; (2) the worker would benefit from appropriate training; (3) there is a reasonable expectation of employment following completion of the training; (4) the training approved by the Secretary is available to the worker from either governmental agencies or private sources; (5) the worker is qualified to undertake and complete the training; and (6) the training is suitable for the worker and available at a reasonable cost. 19 U.S.C. § 2296(a)(1)(A)-(F). The Secretary prescribes federal regulations pertaining to the approval of TAA training. 19 U.S.C. § 2296(a)(9)(A). The regulations that apply in this matter appear at 20 C.F.R. § 617.22.

The length of training and the hours of attendance are set forth in 20 C.F.R. § 617.22(f) (emphasis added), which provides in pertinent part:

The State agency shall determine the appropriateness of the length of training and the hours of attendance as follows:

(1) The training shall be of suitable duration to achieve the desired skill level in the shortest possible time;

(2) Length of training. The maximum duration for any approvable training program is 104 weeks (during which training is conducted) *and no individual shall be entitled to more than one training program under a single certification.*

(3) Training program.

(i) For purposes of this Part 617, a training program may consist of a single course or group of courses which is designed and approved by the State agency for an individual *to meet a specific occupational goal.*

(ii) .... *An individual's approved training program may be amended by the State agency to add a course designed to satisfy unforeseen needs of the individual, such as remedial education or specific occupational skills, as long as the length of the amended training program does not exceed the 104–week training limitation in paragraph (f)(2) of this section.*

■ Here, Claimant applied for a training program to meet a specific occupational goal, a nursing degree. The Department approved Claimant under the TAA program to train in the nursing program at the University of Pittsburgh to achieve

---

**2.** Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

his occupational goal. Claimant seeks to change his occupational goal from a, nursing degree to a computer degree. Claimant could have amended his approved training program by adding courses to help him reach his occupational goal of a nursing degree. However, Claimant was not permitted to change his occupational goal of nursing. Claimant is only entitled to one training program under a single certification to meet a specific occupational goal.[3] *See* 20 C.F.R. § 617.22(f). We conclude that the UCBR did not err in determining that Claimant was not permitted under 20 C.F.R. § 617.22(f) to change his occupational goal.

Accordingly, we affirm.

### *ORDER*

AND NOW, this 8th day of November, 2012, the order of the Unemployment Compensation Board of Review, dated November 9, 2011, in the above-captioned matter is affirmed.

---

3.  This is the interpretation of the agency, and we give great deference to the agency's interpretation of its regulations. *Nevarre*, 675 A.2d at 365.